UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACOB R. MYERS,
All those similarly situated,
     Plaintiffs,

vs.             Case No. 2:05-cv-383-FtM-29DNF

RICK HARRY, Executive Director, Florida Civil Commitment Center in his individual and official capacity, LUCY D. HADI, Secretary, Department of Children and Families in her individual and official capacity,

     Defendants.
_____

**ORDER**

  This matter comes before the Court upon initial review of the file. Plaintiff is involuntarily confined at the Florida Civil Commitment Center ("FCCC") as a "probable cause" sexual violent predator pursuant to Fla. Stat. §394.910, et. seq., known as the Jimmy Ryce Act. Plaintiff proceeding *pro se* filed a Complaint pursuant to 42 U.S.C. §1983 seeking class certification and injunctive and declaratory judgment against Defendant Rick Harry, the Executive Director of the FCCC and Lucy D. Hadi, the Secretary of the Florida Department of Children and Families (Doc. #1). The Complaint includes allegations concerning various conditions allegedly encountered by Plaintiff Myers and some other "five-hundred" FCCC residents who are housed at the FCCC. Complaint, page 2, ¶3. Plaintiff complains that certain conditions at the FCCC violate Plaintiffs' Fourteenth Amendment rights, which

include: the use of restraints during a resident's transport outside the FCCC; the absence of a certified grievance procedure and inadequate forms; arbitrary disciplinary and segregation policies; and staff attire which conveys an "appearance of punitiveness."

Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2). Thus, despite Plaintiff's non-prisoner status[1], the Court is required to review Plaintiff's *pro se* Amended Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In essence, §1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings. See 28 U.S.C. §1915(e)(2). The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325

---

[1] The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256 (11th Cir. 2002). Nonetheless, 28 U.S.C. Section 1915(e)(2)(B) is not limited to prisoners but applies to all persons proceeding *informa pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

(1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346,(11th Cir. 2001). Additionally, §1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); when it appears that the plaintiff has little or no chance of success. Bilal, at 1349; when the claims are based solely on conclusory allegations, unwarranted deductions or mere legal conclusions. Wilson v. Henderson, 2005 WL 1677388 (M.D. Fla. 2005) (citations omitted).

In any §1983 action, the initial inquiry must focus on whether the two essential elements to a §1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional

deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

The Court recognizes its obligation to liberally construe *pro se* pleadings, Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972). Nonetheless Plaintiff is required to comply with minimal pleading standards. See Sammons v, Taylor, 967 F.2d 1533, 1538 (11th Cir. 1992); see also Abdelsamed v. U.S. 31 Fed.Appx.632, 2002 WL 462027 (10th Cir. 2002), cert. denied 123 S.Ct. 1798 (2003).

Here, Plaintiff's Complaint comes woefully short of articulating a claim upon which relief can be granted. Plaintiff does not describe how either Defendant was involved in the alleged constitutional violations. Nor, does Plaintiffs provide any support for the claimed violations. Plaintiffs should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

Additionally, respondeat superior has clearly been rejected as a theory of recovery under section 1983.

> There is no respondeat superior liability under § 1983. Monell v. Dep't of Social Servs., 436 U.S. 658, 690-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); LaMarca v.

> Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994). Although [Plaintiff's] pro se complaint need not plead that [the Defendant] personally participated in the actions against him, he must at least allege some reason for holding [the Defendant] liable beyond the fact that [he] was the superior of another defendant. See Swint, 51 F.3d at 999 (section 1983 requires an affirmative causal connection between an official's acts and the alleged constitutional deprivation).

Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995) (per curiam). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff has not shown how he has been damaged (how he was harmed or injured by the actions and/or omissions of the Defendants).

It is clear that Plaintiff brings this action on behalf of himself and others FCCC residents who are similarly situated. Whether to certify a class is a matter within the discretion of the Court. Moore v. American Fed'n of Television & Radio Artists, 216 F.3d 1236, 1241 (11th Cir. 2000), cert. denied, 533 U.S. 950 (2001). "The initial burden of proof to establish the propriety of class certification rests with the advocate of the class."

Rutstein v. Avis Rent-A-Car Sys., Inc., 211 F.3d 1228, 1233 (11th Cir. 2000), cert. denied, 532 U.S. 919 (2001).  As an initial matter, a prerequisite to class certification is that "it must be established that the proposed class representatives have standing to pursue the claims as to which classwide relief is sought." Wooden v. Board of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1287 (11th Cir. 2001). To obtain class certification, an party must satisfy all four of the threshold requirements set forth in Rule 23(a), Federal Rules of Civil Procedure, and then show that the action is maintainable under at least one of the three provisions of Rule 23(b).  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613-14 (1997); Turner v. Beneficial Corp., 242 F.3d 1023, 1025 (11th Cir. 2001) (en banc), cert. denied, 534 U.S. 820.  The four threshold requirements are (1) numerosity: the class is so numerous that joinder of all members is impractical; (2) commonality: questions of law or fact are common to the class; (3) typicality: the representatives of the class present claims or defenses that are typical of the class; (4) adequacy: the representatives of the class will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a); Turner, 242 F.3d at 1025 n.3; Pickett v. Iowa Beef Processors, 209 F.3d 1276, 1279 (11th Cir. 2000).  Rule 23(b) requires a party to show that either (1) prosecution by separate actions would create a risk of inconsistent results; or (2) defendants have acted in ways generally applicable to the class, making declaratory or injunctive relief appropriate;

or (3) common questions of law or fact predominate over individual issues. Moore, 216 F.3d at 1241. Plaintiff Myers has not made the necessary showing required to obtain class certification. At a minimum, Plaintiff as a layman does not possess the legal training and expertise necessary to protect the interests of the class.

Consequently, the Court will dismiss this action without prejudice. To the extent that Plaintiff wishes to pursue an action for an alleged constitutional deprivation, Plaintiff must file a new individual civil rights complaint and allege sufficient facts pertaining to his individual claim.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The above-styled case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The **Clerk of the Court** shall: (1) enter judgment accordingly; (2) term any pending motions; and (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __20th__ day of September, 2005.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record